UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| MICHAEL SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:08-cv-63 |
| | ) | Judge Edgar |
| | ) | |
| CITY OF CHATTANOOGA, | ) | |
| OFFICER ZACK MOODY F/N/U, | ) | |
| SHERIFF DEPUTY BRUCE F/N/U, | ) | |
| CHIEF FREEMAN COOPER, | ) | |
| JOHN DOE AND RICHARD ROE, UNKNOWN | ) | |
| POLICE OFFICERS FOR THE CITY OF | ) | |
| CHATTANOOGA, Individually As Police | ) | |
| Officers, Sheriff Deputy, and Chief of Police, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Michael Smith ("Smith") is a resident of the City of Chattanooga in Hamilton

County, Tennessee. This case arises out of Smith's arrest by Chattanooga police officers on June

22, 2007, in the aftermath of an automobile accident and his pretrial detention in the Hamilton

County jail. Smith brings this action pursuant to 42 U.S.C. § 1983 and invokes the Court's subject

matter jurisdiction over his federal civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343(3).

Smith claims that he was deprived of his rights guaranteed under the Fourth, Eighth, and Fourteenth

Amendments to the United States Constitution when police officers used excessive force in effecting

his arrest and were deliberately indifferent to his serious medical needs, i.e. deprived him of medical

care for a broken little finger on his right hand. The federal civil rights claims are pleaded in the

1

complaint in four causes of action. The complaint demands compensatory and punitive damages.

In addition, Smith pleads a Tennessee state common law tort claim for assault and battery which is directly related to his Fourth Amendment excessive force claim. Plaintiff invokes the Court's supplemental jurisdiction over the assault and battery claim pursuant to 28 U.S.C. § 1367(a). As the Court construes the complaint, Smith brings the assault and battery claim solely against the individual Chattanooga police officers who are alleged in the complaint's first cause of action to have used excessive force when arresting Smith.

In his *pro se* complaint [Doc. No. 3], Smith names as defendants the City of Chattanooga, Chattanooga police officer Zach Moody ("Moody"), two unknown Chattanooga police officers identified as John Doe and Richard Roe, Chattanooga's Chief of Police Freeman Cooper ("Cooper"), and Hamilton County Deputy Sheriff Nathan Bruce ("Bruce"). Defendants Moody, Doe, Roe, Cooper, and Bruce are sued in their individual capacities.

There are two summary judgment motions before the Court. Defendant Bruce moves for summary judgment [Doc. No. 22], and defendants City of Chattanooga, Moody, and Cooper move for summary judgment under Fed. R. Civ. P. 56. [Doc. No. 28]. This latter motion also includes a motion for summary judgment by the City on behalf of defendants John Doe and Richard Roe.

When plaintiff Smith did not timely file a response to the summary judgment motions, the Court ordered him to show good cause why the motions should not be granted. [Doc. No. 30]. Smith filed a two-page response to the show cause order [Doc. No. 31] that generally opposes summary judgment but does not directly address the statement of facts, affidavits, documents, excerpts from Smith's deposition, and legal arguments presented by the defendants in their summary judgment motions and briefs.

Because Smith signed his complaint [Doc. No. 3] under penalty of perjury pursuant to 28 U.S.C. § 1746, the Court treats it as his sworn statement for purposes of reviewing the summary judgment motions. Where a plaintiff files a sworn or verified complaint, it has the same force and effect as an affidavit for purposes of responding to a Rule 56 summary judgment motion. *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008); *Reed v. Sapp*, 211 F.3d 1270 (Unpublished, text at 2000 WL 571994, * 1 (6th Cir. May 5, 2000)); *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992); *Hooks v. Hooks*, 771 F.2d 935, 947 (6th Cir. 1985); *Mason v. Stacey*, 2009 WL 803107, * 1 (E.D. Tenn. March 25, 2009).

The problem for Smith is that many of the allegations in his complaint are negated and contradicted by his deposition testimony. Smith cannot create a disputed issue of fact for trial and preclude summary judgment under Rule 56 by saying one thing in his complaint and something different in his deposition. When a plaintiff's deposition testimony contradicts the allegations in his complaint, the Court will credit his later deposition testimony. *Leary v. Livingston County*, 528 F.3d 438, 444 (6th Cir. 2008).

## I. <u>Standard of Review</u>

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions, and sworn affidavits show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a mater of law. Fed. R. Civ. P. 56(c); *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007); *Talley v. Bravo Pitino Restaurant, Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby*, 477

U.S. 242, 247-48 (1986) (emphasis in original); *accord, Lovelace v. BP Products North America, Inc.*, 252 Fed. Appx. 33, 39 (6th Cir. 2007); *Talley*, 61 F.3d at 1245. Material facts are only those facts that might affect the outcome of the action under the governing substantive law. The applicable substantive law will identify and determine those facts which are material. *Anderson*, 477 at 248; *Lovelace*, 252 Fed. Appx. at 39; *Talley*, 61 F.3d at 1245.

The defendants bear the initial burden of demonstrating that there are no genuine issues of material fact in dispute. Defendants may satisfy this burden either by presenting affirmative evidence that negates an essential element of plaintiff Smith's claim, or by demonstrating the absence of evidence to support a claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003); *Talley*, 61 F.3d at 1245.

Once the defendants meets their initial burden, plaintiff Smith is not entitled to a trial on the basis of mere allegations. To defeat a summary judgment motion, Smith is required to present some significant probative evidence and specific facts to support his claims and show that a trial is necessary to resolve a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 322; *Anderson*, 477 U.S. at 249; *Van Gorder*, 509 F.3d at 268; *Rodgers*, 344 F.3d at 595. The mere existence of a scintilla of evidence is insufficient to preclude summary judgment. There must be evidence on which a jury could reasonably find in the plaintiff's favor. *Anderson*, 477 U.S. at 252; *Van Gorder*, 509 F.3d at 268; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000); *Hartsell v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996); *Talley*, 61 F.3d at 1245; *Mitchell v. Toledo Hospital*, 964 F.2d 577, 581-82 (6th Cir. 1992).

Summary judgment under Rule 56 is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23; *see also Van Gorder*, 509 F.3d at 268; *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Hartsell*, 87 F.3d at 799. Because plaintiff Smith bears the burden of proving his claims at trial, to survive a summary judgment motion he must present facts and evidence showing there is a genuine issue of fact in dispute for a jury to decide at trial as to each element of his case. *Van Gorder*, 509 F.3d at 268; *Hartsell*, 87 F.3d at 799 (citing *Celotex Corp.*, 477 U.S. at 322).

The judge's role and function is limited to determining whether the record contains sufficient facts and admissible evidence from which a rational jury could reasonably find in favor of plaintiff Smith. *Anderson*, 477 U.S. at 248; *Rodgers*, 344 F.3d at 595; *National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001); *Talley*, 61 F.3d at 1245. The Court views the facts in the record and all reasonable inferences that can be drawn from those facts in the light most favorable to plaintiff Smith. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Van Gorder*, 509 F.3d at 268; *National Satellite Sports*, 253 F.3d at 907. The Court cannot weigh the evidence, judge credibility of witnesses, or determine the truth of matters reasonably in dispute. *Anderson*, 477 U.S. at 249; *Talley*, 61 F.3d at 1245.

After reviewing the record, the Court concludes that the defendants' motions for summary judgment [Doc. Nos. 22, 28] will be granted in part under Rule 56. All of plaintiff Smith's federal civil rights claims brought against the defendants under 42 U.S.C. § 1983 will be dismissed with prejudice. Because the Court is dismissing all 42 U.S.C. § 1983 federal civil rights claims over which it has original jurisdiction, the Court pursuant to 28 U.S.C. § 1367(c)(3) declines to exercise supplemental jurisdiction over the Tennessee state common law assault and battery claim. The assault and battery claim will be dismissed without prejudice.

The factual allegations in the complaint fall into two categories: excessive force by police while arresting Smith, and deliberate indifference to Smith's medical needs by depriving him of medical care for a broken little finger. The complaint is subdivided into four causes of action.

## II.     42 U.S.C. § 1983 Claims Against John Doe and Richard Roe

As a threshold matter, the Court concludes that all 42 U.S.C. § 1983 federal civil rights claims brought against unnamed police officers "John Doe" and "Richard Roe" in their individual capacities must be dismissed with prejudice. After filing his complaint, plaintiff Smith failed to exercise due diligence to take discovery and conduct a reasonable investigation to promptly determine the actual names of John Doe and Richard Roe. Smith has not timely made a motion pursuant to Fed. R. Civ. P. 15(a) for leave to amend his complaint to correctly identify John Doe and Richard Roe by their real names. Moreover, Smith has not timely effected service of process upon the individual defendants identified in the complaint by the pseudonyms John Doe and Richard Roe as required by Fed. R. Civ. P. 4(m).

Out of an abundance of caution the City of Chattanooga filed a joint answer to the complaint on behalf of John Doe and Richard Roe in their official and individual capacities. [Doc. No. 5]. This does not relieve plaintiff Smith of his obligation to timely amend his complaint under rule to identify John Doe and Richard Roe by their real names, add them as parties to this civil action, and timely effect service of process upon them under Rule 4. The filing of the answer to the complaint does not preclude the City of Chattanooga from raising the valid argument that any federal civil rights claims brought against unknown police officers John Doe and Richard Roe in their individual capacities under 42 U.S.C. § 1983 are time-barred by the applicable statute of limitations.

42 U.S.C. § 1983 itself does not contain a statute of limitations. Where Congress does not

6

specify a period of limitations in a federal statute for bringing a civil action, the Courts is required apply the most closely analogous statute of limitations provided under the laws of the State of Tennessee. *Wilson v. Garcia*, 471 U.S. 261 (1985); *Moore v. Tennessee*, 267 Fed. Appx. 450, 455 n. 8 (6th Cir. 2008); *Eidson v. State of Tennessee Department of Children's Services*, 510 F.3d 631, 634 (6th Cir. 2007); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003); *Mulligan v. Hazard*, 777 F.2d 340, 343 (6th Cir. 1985); *Sutton v. Bloom*, 710 F.2d 1189-90 (6th Cir. 1984).

Under Tennessee law, the applicable statute of limitations for a 42 U.S.C. § 1983 federal civil rights case is one year. Tenn. Code Ann. § 28-3-104(a)(3) provides that actions brought under the federal civil rights acts shall be commenced within one year after the cause of action accrues. *Moore*, 267 Fed. Appx. at 455; *Roberson*, 399 F.3d at 794; *Sharpe*, 319 F.3d at 266; *Hughes v. Vanderbilt University*, 215 F.3d 543, 547 (6th Cir. 2000); *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984); *Wright v. State of Tennessee*, 628 F.2d 949, 951 (6th Cir. 1980); *Cook v. McPherson*, 2007 WL 1004606, * 2 (E.D. Tenn. March 30, 2007).

The statute of limitations accrues and commences to run when the plaintiff knows or has reason to know of the injury that is the basis of the complaint. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *Roberson*, 399 F.3d at 794; *Sevier*, 742 F.2d at 273. Any cause of action that plaintiff Smith may have against John Doe and Richard Roe in their individual capacities under 42 U.S.C. § 1983 accrued on June 22, 2007, the date when Smith was arrested. Consequently, Smith had one year from June 22, 2007, within which to file suit on his 42 U.S.C. § 1983 claims. On June 22, 2008, the statute of limitations expired on any cause of action that Smith may have against John

Doe and Richard Roe in their individual capacities under 42 U.S.C. § 1983 and such claims are now time-barred. Smith did not timely amend his complaint prior to June 22, 2008, to identify John Doe and Richard Roe by their real names and add them as defendants to this action.

Where a plaintiff is temporarily unable to ascertain a defendant's actual name, the plaintiff may initially file a complaint that names an unknown defendant by using a "John Doe" or "Richard Roe" appellation or similar pseudonym. However, simply identifying an unknown defendant in the complaint by the pseudonym of John Doe or Richard Roe is not enough to commence a civil action against that unknown defendant. A civil action cannot be commenced against a fictitious party such as an unknown John Doe. *Bufalino v. Michigan Bell Telephone Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968) (civil action against Doe defendants never commenced because they were not identified by their real names and not served with process); *see also Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (citing *Bufalino*); *Pierce v. Hamblen County, Tennessee*, 2009 WL 2996333, * 1 (E.D. Tenn. Sept. 16, 2009); *Cox v. Reagan*, 2009 WL 2579655, * 5 (E.D. Tenn. Aug. 17, 2009); *Dubose v. City of Morristown*, 2009 WL 1766008, * 6 (E.D. Tenn. June 22, 2009).

Until the plaintiff files an amended complaint under Fed. R. Civ. P. 15 that identifies and adds or joins a John Doe defendant by his true name, the John Doe allegations in the complaint are mere surplusage. *Pierce*, 2009 WL 2996333, at * 1; *Cox*, 2009 WL 2579655, at * 5; *Dubose*, 2009 WL 1766008, at * 6; *Dunn v. Paducah International Raceway*, 599 F. Supp. 612, 613 n. 1 (W.D. Ky. 1984); *Hannah v. Majors*, 35 F.R.D. 179, 180 (W.D. Mo. 1964). A civil action is commenced against a John Doe defendant when the complaint is amended under Rule 15 to specifically name and identify that defendant by his true name and the plaintiff effects service of process upon that named defendant in compliance with Rule 4. The unknown John Doe and Richard Roe in plaintiff

Smith's complaint have never been properly joined in this lawsuit and served with process.

At this juncture it is too late for plaintiff Smith to take more discovery on this issue, or to make a motion pursuant to Fed. R. Civ. P. 15(a) for leave to amend his complaint to identify John Doe and Richard Roe by their real names and add or join them as individual defendants in this case. The scheduling order [Doc. No. 13] provides that deadline for the joinder of additional parties was January 16, 2009, and the deadline for completing discovery was June 5, 2009.

Even if plaintiff Smith now knows or could determine the real names of John Doe and Richard Roe, a motion by Smith to amend his complaint under Rule 15 at this point in time to correct the problem would be futile. It is too late to add or substitute new defendants into this case. The federal civil rights claims brought against John Doe and Richard Roe in their individual capacities under 42 U.S.C. § 1983 are time-barred by the statute of limitations. New party defendants may not be added to a complaint after the statute of limitations has run. If plaintiff Smith were to attempt to amend his complaint to identify John Doe and Richard Roe by their real names, the amendment would not relate back under Fed. R. Civ. P. 56(c)(1) to the date when the original complaint was filed for purposes of applying the statute of limitations.

Fed. R. Civ. P. 15(c)(1)(C)(ii) provides that an amendment to a pleading relates back to the date of the original pleading when the amendment changes the party or the naming of a party against whom a claim is asserted if the party to be brought in by amendment "knew or should have known that he action would have been brought against it, but for a **mistake** concerning the proper party's identity." (Emphasis added). A plaintiff's lack of knowledge pertaining to an intended defendant's identity does not constitute a "mistake concerning the proper party's identity" within the meaning of Rule 15(c)(1)(C)(ii). Amending a complaint to add or substitute a named defendant for an

unknown John Doe defendant is considered a change in parties, not a mere substitution of parties. *Moore*, 267 Fed. Appx. at 455-56; *Force v. City of Memphis*, 101 F.3d 702 (Table, text at 1996 WL 665609, * * 3-4 (6th Cir. Nov. 14, 1996); *Cox*, 75 F.3d at 240; *Pierce*, 2009 WL 2996333, at ** 1-2; *Dubose*, 2009 WL 1766008, at * 6.

Additionally, the plaintiff's claims against John Doe and Richard Roe are also dismissed on the alternative ground that plaintiff Smith failed to identify them by their real names and effect service of process upon them within 120 days from the filing of the original complaint as required by Fed. R. Civ. P. 4(m). *Dubose*, 2009 WL 1766008, at * 6; *Doughty v. City of Vermillion*, 118 F. Supp.2d 819, 821 n. 1 (N.D. Ohio 1999).

Accordingly, all 42 U.S.C. § 1983 federal civil rights claims brought against unnamed police officers John Doe and Richard Roe in their individual capacities shall be dismissed with prejudice.

III. **First Cause of Action Against Zach Moody, John Doe, and Richard Roe:**

**42 U.S.C. § 1983 Claim of Excessive Force During Arrest**

The first cause of action in the complaint alleges that Zach Moody, John Doe, and Richard Roe used excessive force when arresting Smith. In his complaint, Smith alleges the following. In the early morning hours of June 22, 2007, he was involved in an automobile accident while driving his mother's car. He left the scene of the accident to telephone his mother. When he returned to the scene of the accident, he encountered four Chattanooga police officers including defendant Moody. Smith is unable to identify the other three police officers by name. It is alleged that the four police officers, acting without good cause or justification, used excessive force against Smith. Smith contends that the officers beat Smith on his head, arms, and legs, and the beating continued even after Smith had been handcuffed.

10

The complaint avers that at no time did Smith harass, threaten, strike, or attempt to strike any of the police officers. Smith did not do anything to resist or evade arrest, or engage in any conduct that would justify the excessive degree of force used by the police. It is alleged that the defendant police officers, including Zach Moody, acted with malice or reckless disregard whether the application of force was a "good faith effort to maintain or restore discipline." The complaint alleges that the police officers applied excessive force maliciously and sadistically for the very purpose of causing harm to Smith.

When the complaint alleges the police officers acted with malice or reckless disregard whether the application of force was a good faith effort to maintain or restore discipline, and that the officers applied excessive force maliciously and sadistically for the very purpose of causing injury to him, plaintiff Smith seeks to state an Eighth Amendment claim of claim of cruel and unusual punishment. However, the claim of excessive force during arrest falls squarely under the Fourth Amendment. The Eighth Amendment is not applicable here because Smith was not imprisoned.

The complaint further alleges that Smith suffered multiple bruises to his legs, knees and arms, abrasions on his legs, pain in his lower abdomen, ecchymosis[1] – ruptured blood vessels – on his arms and legs, bruises and ecchymosis on or about his face, diarrhea, nausea, headaches, paresthesia in his foot, and a broken hand. The complaint avers that Smith suffered "emotional trauma" and unspecified "medical complications resulting from the physical injuries, and permanent mental and emotional suffering." Plaintiff claims he was "forced to incur expenses for medical treatment and was unable to find and maintain employment."

---

[1]  Ecchymosis is the escape of blood into the body tissues from ruptured blood vesels.

In his deposition, Smith told a significantly different story. Smith stated the following in his deposition. Smith resided at 1611 Watkins Street, Apartment A, with his girlfriend, Yolanda Bridges ("Bridges"). At approximately 12:05 a.m. on June 22, 2007, Smith was driving his mother's automobile on East Main Street with Bridges riding along as a passenger. Another automobile operated by Charles Martin ("Martin") was stopped as a stop sign at the intersection of East Main Street and Watkins Street. As Smith attempted to execute a turn onto Watkins Street, Smith's automobile hit Martin's automobile. Bridges got out and walked down Watkins Street to her apartment. Smith left the scene of the accident and followed after Bridges.

At the apartment, Smith and Bridges had an argument. Smith left the apartment and went outside behind the apartment building. Smith was walking down Lyerly Street when he saw police officers. In an effort to evade the police, Smith went through a "little branch" or drainage ditch that runs back over to Watkins Street. When Smith reached Watkins Street, he observed more police officers there as well so he started heading back to the apartment. Police officers, including officer Moody, ran after Smith and caught up with him. Contrary to his complaint, Smith in his deposition essentially admits that he attempted to get away from the police and evade arrest.

The police ordered Smith to stop and put his hands up in the air. When Smith complied, an unknown police officer used an elbow to strike Smith on the back of his neck causing him to fall to the ground. Smith fell forward, turned onto his side, and "balled up." Smith contends that police officers then kicked him while he was lying on the ground but he does not know how many times he was kicked. The police pulled Smith up to his feet and handcuffed him. Contrary to his complaint, Smith in his deposition states that he was not handcuffed when the police used force. Officer Moody transported Smith to the Hamilton County Jail. Smith cannot identify Moody as the

12

person who hit him on the back of his neck or kicked him.

The police had probable cause to arrest Smith. He was ultimately charged with leaving the scene of an automobile accident, resisting arrest, and evading arrest. Smith pleaded guilty and was convicted on these criminal charges in a Tennessee state court. Smith served six months in jail.

Defendants submit an affidavit from Zach Moody. [Doc. No. 29-2]. Moody states that when he arrived at the scene of the automobile accident, the other driver, Martin, advised that Smith had left the scene. Moody and other officers located Smith walking nearby on Lyerly Street. When Smith saw the police, he ran away into the woods and a drainage ditch. The police searched for and again found Smith. The police commanded Smith to stop. When Smith turned around to look at the police, he tripped all by himself and fell to the ground. At this point Moody and another officer were able to catch up to Smith. Smith refused to comply with oral commands to place his hands behind his back. Moody and the other officers used soft empty hand techniques to get Smith's hands behind his back. (This may be what Smith thought were foot kicks to his body.) Moody arrested Smith and took him back to Moody's patrol car where the other driver, Martin, identified Smith.

Moody further states that he used only minimal reasonable force necessary to arrest Smith and take him into custody. Moody denies that he kicked or punched Smith. The only force Moody used was his empty hand when Smith refused to comply with commands to place his hands behind his back. Moody did not observe any other police officers use excessive force against Smith. At no time following his arrest did Smith ever make a request to Moody for medical attention. Moody did not observe any injuries to Smith that required medical attention.

Whether a police officer has used excessive force during the course of an arrest is determined

under an objective reasonableness standard. This entails balancing the consequences to plaintiff Smith against the government's interest in arresting him. The assessment involves a fact-specific inquiry based on the totality of the facts and circumstances, and the Court pays particular attention to the severity of the crimes at issue, whether the suspect poses an immediate threat to the safety of law enforcement officers or other persons at the scene of arrest, and whether the suspect actively resists arrest or attempts to evade arrest by flight. The Court must judge the lawfulness of the police officer's conduct from the perspective of an objectively reasonable officer on the scene, rather than with the "20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396-97 (1989); *Morrison v. Board of Trustees of Green Township*, 2009 WL 3211946, * 4 (6th Cir. June 19, 2009); *Burchett v. Kiefer*, 310 F.3d 937, 944 (6th Cir. 2002); *Kostrzewa v. City of Troy*, 247 F.3d 633, 639 (6th Cir. 2001).

Based on the totality of the facts and circumstances in the instant case, the Court concludes that the excessive force claim against Moody will be dismissed on summary judgment. Before Smith can make out a viable excessive force claim under 42 U.S.C. § 1983 and the Fourth Amendment and recover compensatory and punitive damages, he is required to prove that Moody used excessive force and proximately caused Smith to suffer a significant injury. The injury must be more than *de minimis*. Smith cannot meet this burden.

There is no probative evidence showing that Moody used excessive force when he arrested Smith. Smith cannot identify Moody as the person who hit him on the back of his neck or kicked him. There is simply no proof showing that Moody proximately caused Smith to suffer a significant injury. Smith cannot show that any alleged excessive force on the part of Moody caused Smith to suffer anything more than a *de minimis* injury.

14

Viewing the record in the light most favorable to Smith, the Court finds that he did have a fractured little finger on his hand. However, he cannot prove that he suffered this injury as a result of his arrest and any force applied by Moody. Smith does not know and cannot remember whether he fractured his little finger during the automobile accident or while being arrested.

With regard to all of the other assorted physical and mental injuries alleged in the complaint, Smith has not presented any probative, credible proof from witnesses, records, or medical reports from qualified physicians to support his self-serving allegations. Smith offers no proof to demonstrate that he suffered multiple bruises to his head, legs, knees and arms, abrasions on his legs, pain in his lower abdomen, ecchymosis on his arms and legs, bruises and ecchymosis on or about his face, diarrhea, nausea, headaches, and paresthesia in his foot as a result of his arrest by the police officers. He offers no medical proof to support the bare allegation that he has suffered emotional trauma and medical complications resulting from the physical injuries, and permanent mental and emotional suffering. There is no proof that Smith ever incurred any expenses for medical treatment or that he was unable to find and maintain employment as a proximate result of the alleged use of excessive force. While Smith was a pretrial detainee in the Hamilton County jail, he was taken to Erlanger Medical Center in Chattanooga where he received free medical treatment at public expense for his broken little finger.

In sum, the Court finds that the slight injuries that Smith may have incurred during his arrest, perhaps a few minor bruises and skin abrasions, are *de minimis* and do not support a claim for money damages under 42 U.S.C. § 1983 and the Fourth Amendment. *Cf. Leary*, 528 F.3d at 443. The Court recognizes that a plaintiff may claim excessive force where the physical contact did not leave excessive marks on the body or cause extensive physical damage. *Morrison*, 2009 WL

15

3211946, at * 10; *Ingram v. City of Columbus*, 185 F.3d 579, 597 (6th Cir. 1999). Gratuitous violence inflicted upon an incapacitated detainee may constitute excessive force, even when the actual injuries suffered are not substantial. *Morrison*, 2009 WL 3211946, at * 11. In this case here is no probative evidence that Moody engaged in any conduct that would amount to the infliction of unnecessary, gratuitous violence upon Smith.

Accordingly, the first cause of action in the complaint against defendant Zach Moody will be dismissed with prejudice.

## IV.    Second Cause of Action Against City of Chattanooga: 42 U.S.C. § 1983 Claim of Excessive Force During Arrest

For his second cause of action, Smith claims that the City of Chattanooga is liable under 42 U.S.C. § 1983 for excessive force used by its police officers during the arrest. Smith makes the following allegations in numbered paragraphs 16-20 of the complaint [Doc. No. 3, p. 3].

> The defendant City of Chattanooga developed and maintained policies or customs which caused the deprivation of plaintiff's constitutional rights. The responsible policy making officials of the defendant City of Chattanooga knew, or in the exercise of reasonable care should have known, that individual police officers of the City of Chattanooga had engaged in a pattern and practice of misconduct including, but not limited to, the use of excessive force, illegal arrest, and imprisonment and other violations of the constitutional rights of persons in the City of Chattanooga. Despite knowledge of the aforesaid pattern and practice of illegality, the defendant City of Chattanooga failed to properly investigate these instances of illegality, and to supervise, train, and discipline the officers of the Chattanooga Police Department. Defendant City of Chattanooga developed a "hands off" policy or custom with regard to acts of illegality committed by officers against civilians which encouraged the individual defendants in this case to believe that they could violate the constitutional rights of plaintiff with impunity and with the explicit or tacit approval of the defendant City of Chattanooga. As a direct and proximate result of the acts and omissions of the defendant City of Chattanooga, the plaintiff suffered the injuries and damages aforesaid, all in violation of 42 U.S.C. § 1983.

16

The second cause of action against the City must be dismissed for two reasons. First, as discussed *supra*, plaintiff Smith cannot prove that Chattanooga officers Moody, Doe, and Roe used excessive force during Smith's arrest in violation of the Fourth Amendment. This claim against the City of Chattanooga is entirely dependant upon Smith's companion excessive force claim against defendants Moody, Doe, and Roe. Because the Fourth Amendment excessive force claim against defendants Moody, Doe, and Roe is being dismissed on summary judgment, the related excessive force claim against the City which is predicated on the conduct of defendants Moody, Doe, and Roe must likewise be dismissed on summary judgment. Since defendants Moody, Doe, and Roe did not use excessive force and did not violate Smith's rights protected by the Fourth Amendment, plaintiff Smith cannot prevail on an excessive force claim against the City of Chattanooga.

Second, Smith has not presented any proof to support his bare, conclusory allegations that the City of Chattanooga had a custom or policy. In his deposition, Smith states that someone else drafted the complaint for him and he really does not know anything about the City of Chattanooga having a custom or policy that would make it liable under 42 U.S.C. § 1983. [Doc. No. 29-1, pp. 75, 78]. When he was asked in his deposition to explain what information he has to support the claim that the City had a custom or policy that caused a violation of his constitutional rights, Smith merely testified about how the police officers used excessive force to arrest him. Plaintiff admits in his deposition that he has no knowledge and information about the City of Chattanooga having a "hands off" policy or custom to disregard and ignore illegal acts committed by its police officers as alleged in paragraph 19 of his complaint. [Doc. No. 29-1, p. 78].

The Court finds that Smith has not presented any facts and proof to support his bare allegations against the City of Chattanooga. There is nothing in the record to show that the City had

a custom or policy on June 22, 2007, that caused a deprivation of Smith's Fourth Amendment right to be free from unreasonable seizure and the use of excessive force by Chattanooga police officers in making the arrest. There is no proof offered by Smith to show that prior to June 22, 2007, the City adopted a policy or custom by failing to adequately train, supervise, and discipline officer Zach Moody or any other police officers. There is no proof showing that prior to June 22, 2007, the City failed or refused to investigate any incidents or complaints about officer Zach Moody and other police officers using excessive force.

The City submits affidavits from four persons employed by the Chattanooga Police Department: Lon Eilders, manager in charge of Accreditation and Standards; Mike Smith, Captain of the Internal Affairs Division; Chief of Police Freeman Cooper; and Lieutenant Stan Allen, Training Division. [Doc. Nos. 29-3, 29-4, 29-6, 29-9]. Plaintiff Smith has not made any effort to dispute and rebut these affidavits. The Court finds that the statements made by Lon Eilders, Mike Smith, Freeman Cooper, and Stan Allen in their affidavits are true and correct. These affidavits taken together establish that the City and the Chattanooga Police Department did not have a policy or custom on June 22, 2007, that allowed police officers to use excessive force against plaintiff Smith. These affidavits show that the Chattanooga Police Department adequately trained, supervised, and disciplined its police officers including defendant Zach Moody.

The City of Chattanooga cannot be held liable pursuant to 42 U.S.C. § 1983 solely on the basis that an injury has been inflicted on Smith by a City police officer using excessive force. The City of Chattanooga is not vicariously liable under 42 U.S.C. § 1983 for constitutional torts committed by its police officers and employees based on the doctrine of *respondeat superior.* There is no *respondeat superior* liability under § 1983 for municipalities and governmental entities. *Board*

18

*of County Comm'rs of Bryan County v. Brown*, 520 U.S. 387, 403 (1997); *Collins v. Harker Heights*, 503 U.S. 115, 121 (1992); *Monell v. New York Department of Social Services*, 436 U.S. 658, 694 (1978); *Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 2006); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005); *Gregory v. Shelby County, Tennessee*, 220 F.3d 433, 441 (6th Cir. 2000); *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997); *Doe v. Claiborne County, Tennessee*, 103 F.3d 495, 507 (6th Cir. 1996); *Rhodes v. City of Chattanooga*, 2005 WL 2647921, * 5 (E.D. Tenn. Oct. 14, 2005).

"Instead, it is when the execution of a government's policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694; *see also Brown*, 520 U.S. at 403-05; *Thomas*, 398 F.3d at 429; *Gregory*, 220 F.3d at 441. For the City to have liability under 42 U.S.C. § 1983, plaintiff is required to demonstrate that the City, through its deliberate conduct, was the "moving force" behind the alleged violation of his federal constitutional rights. *Brown*, 520 U.S. at 405; *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir. 2003); *Gregory*, 220 F.3d at 442; *Rhodes*, 2005 WL 2647921, at * 5; *Hale v. Randolph*, 2004 WL 1854179, * 10 (E.D. Tenn. Jan. 30, 2004).

A governmental custom must "be so permanent and well settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691; 658, *Claiborne County*, 103 F.3d at 507; *Rhodes*, 2005 WL 2647921, at * 5; *Hale*, 2004 WL 1854179, at * 10. It must reflect a course of action deliberately chosen from among various alternatives. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985); *Claiborne County*, 103 F.3d at 508; *Rhodes*, 2005 WL 2647921, at * 5; *Hale*, 2004 WL 1854179, at * 10.

19

Plaintiff Smith is also required to show a direct causal link between a policy or custom adopted by the City of Chattanooga and a violation of his federal constitutional rights. Smith must show that his Fourth Amendment right to be free from excessive force by police officers during his arrest was violated as a direct result of the execution of a City policy or custom. *Brown*, 520 U.S. at 405; *City of Canton*, 489 U.S. at 385-86; *Cherrington*, 344 F.3d at 645-46; *Gregory*, 220 F.3d at 442; *Claiborne County*, 103 F.3d at 508; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1066 (6th Cir. 1994); *Rhodes*, 2005 WL 2647921, at * 6; *Hale*, 2004 WL 1854179, at * 10. This is necessary to avoid imposing *de facto respondeat superior* liability on the City which is prohibited by *Monell*, 436 U.S. 658, and its progeny. *Claiborne County*, 103 F.3d at 508; *Rhodes*, 2005 WL 2647921, at * 6; *Hale*, 2004 WL 1854179, at * 10.

Plaintiff Smith does not have a right to take his case against the City to trial on the basis of mere conclusory allegations. To defeat the City's summary judgment motion which is fully supported by the affidavits of Lon Eilders, Mike Smith, Freeman Cooper, and Stan Allen, plaintiff Smith must come forward with some probative evidence and facts to show that a trial is necessary to resolve a genuine issue of material fact on the essential elements of his claim. *Celotex Corp.*, 477 U.S. at 322; *Anderson*, 477 U.S. at 249; *Van Gorder*, 509 F.3d at 268; *Rodgers*, 344 F.3d at 595. Smith fails to meet his burden. In the absence of facts and proof from Smith, the Court can only determine that Smith is unable to show that the City had a policy or custom making it liable on the excessive force claim under 42 U.S.C. § 1983. There are no genuine issues of material fact in dispute and the City is entitled to summary judgment. The second cause of action in the complaint against the City of Chattanooga will be dismissed with prejudice under Fed. R. Civ. P. 56.

Furthermore, the demand for punitive damages against the City of Chattanooga must be

dismissed with prejudice. It is well settled that plaintiff Smith cannot recover any punitive damages from the City of Chattanooga under 42 U.S.C. § 1983. *Kentucky v. Graham*, 473 U.S. 159, 167 n. 13 (1985); *City of Newport v. Fact Concerts, Inc*., 453 U.S. 247, 271 (1981); *Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F. 3d 807, 818-19 (6th Cir. 2007); *Rhodes*, 2005 WL 2647921, at * 9; *Hale*, 2004 WL 1854179, at *18; *Alexander v. Beale Street Blues Co., Inc.*, 108 F. Supp.2d 934, 950 (W.D. Tenn. 1999).

**V.**      **Third Cause of Action Against Chief of Police Freeman Cooper: 42 U.S.C. § 1983 Claim of Excessive Force During Arrest**

For his third cause of action, plaintiff Smith claims that defendant Freeman Cooper, Chief of Police of the Chattanooga Police Department, is liable under 42 U.S.C. § 1983 for excessive force used by Chattanooga police officers during the arrest. Plaintiff alleges that police officers Zach Moody, John Doe, and Richard Roe were acting under Cooper's direction and control. It is alleged that Cooper, acting pursuant to official policy or custom, recklessly or with deliberate indifference and callous disregard for Smith's rights, failed to instruct, supervise, control, and discipline on a continuing basis the police officers in their duties to refrain from maliciously using excessive force when arresting Smith.

The third cause of action against defendant Cooper must be dismissed for two reasons. First, plaintiff Smith cannot prove that police officers Moody, Doe, and Roe used excessive force during Smith's arrest in violation of the Fourth Amendment. This claim against Cooper is entirely dependant upon Smith's excessive force claim against Moody, Doe, and Roe. Because the Fourth Amendment excessive force claim against Moody, Doe, and Roe is being dismissed on summary judgment, the related excessive force claim against defendant Cooper which is predicated on the

21

conduct of defendants Moody, Doe, and Roe must likewise be dismissed on summary judgment. Since defendants Moody, Doe, and Roe did not use excessive force and did not violate Smith's rights protected by the Fourth Amendment, plaintiff Smith cannot prevail on an excessive force claim against defendant Cooper.

Based on Cooper's position as Chief of Police of the Chattanooga Police Department, plaintiff Smith seeks to hold Cooper individually liable on the excessive force claim under a theory of supervisory liability. *See e.g. Ontha v. Rutherford County*, 222 Fed. Appx. 498, 503 (6th Cir. 2007). Although supervisory officials may be held liable in certain situations for failure to adequately supervise or control individual police officers, supervisory liability may not be imposed pursuant to 42 U.S.C. § 1983 based on the doctrine of *respondeat superior*. *Walters v. Stafford*, 317 Fed. Appx. 479, 486 (6th Cir. 2009); *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982). Under § 1983 each defendant's liability must be assessed individually based on his or her own actions. *Walters*, 317 Fed. Appx. at 489.

To make out a viable claim of supervisory liability against Chief of Police Cooper pursuant to 42 U.S.C. § 1983, plaintiff Smith must present facts and proof showing that Cooper encouraged the specific incident of Chattanooga police officers using excessive force while arresting Smith or that Cooper in some way directly participated in it. At a minimum, Smith is required to prove that Cooper at least implicitly authorized, approved or knowingly acquiesced in the alleged use of excessive force against Smith during the arrest. *Walters*, 317 Fed. Appx. at 489; *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 349 (6th Cir. 2007); *Taylor v. Michigan Department of Corrections*, 69 F.3d 76, 81 (6th Cir. 1995). There is no supervisory liability under 42 U.S.C. § 1983 based on a supervisor's mere failure to act. *Walters*, 317 Fed. Appx. at 489; *Gregory v. City of Louisville*, 444

F.3d 725, 751 (6th Cir. 2006); *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). Plaintiff

Smith must show that defendant Cooper did more than play a passive role in the alleged excessive

force violation or showed mere tacit approval of it.  *Walters*, 317 Fed. Appx. at 489; *Bass*, 167 F.3d

at 1048.  Cooper cannot be held liable based solely on his right as Chief of Police to control the

actions of the police officers or simple awareness of any excessive force used by the police officers.

*Walters*, 317 Fed. Appx. at 489-90; *McQueen v. Beecher Community Schools*, 433 F.3d 460, 470

(6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (supervisor's knowledge of

unconstitutional conduct and failure to act did not create supervisor liability).

The Court finds that plaintiff Smith cannot make out a viable claim of supervisory liability

against Chief of Police Cooper pursuant to 42 U.S.C. § 1983.  Smith has not presented any facts and

proof showing that Cooper authorized or encouraged Chattanooga police officers to use excessive

force when arresting Smith on June 22, 2007, or that Cooper in some way directly participated in

the event.  Cooper was not present at the scene of Smith's arrest.  Smith cannot prove that Cooper

implicitly authorized, approved, or knowingly acquiesced in the alleged use of excessive force

against Smith during the arrest.

There are no genuine issues of material fact in dispute and defendant Cooper is entitled to

summary judgment.  The third cause of action in the complaint against defendant Cooper will be

dismissed with prejudice under Fed. R. Civ. P. 56.

**VI.**    **Fourth Cause of Action: 42 U.S.C. § 1983 Claim of Deliberate Indifference to Medical Needs**

For his fourth cause of action under 42 U.S.C. § 1983, Smith alleges that he was deprived

of medical treatment in violation of Eighth and Fourteenth Amendments to the United States

Constitution. He claims that defendants Zach Moody, John Doe, Richard Roe, and Nathan Bruce were deliberately indifferent to his serious medical needs. The Court concludes that this claim will be dismissed with prejudice as to all defendants.

### A.    Defendants Moody, Doe, and Roe

For the reasons expressed *supra*, all the claims brought against John Doe and Richard Roe under 42 U.S.C. § 1983 are dismissed with prejudice.

The claim against Moody is brought under the Due Process Clause in the Fourteenth Amendment. The record shows that Smith never made a request for medical attention to Zach Moody or any other Chattanooga police officers. The complaint alleges that when Smith was arrested, he requested for the police officers to provide him medical assistance. But this allegation is directly contradicted by Smith's own deposition testimony. In his deposition [Doc. No. 29-1], Smith states that the first time he requested medical assistance was when he arrived at the Hamilton County jail.

Moody in his affidavit [Doc. No. 29-2] states that at no time following the arrest did Smith ever make a request to Moody for medical assistance. Moody did not observe any injuries to Smith that required medical attention. The Court finds that Smith cannot show that he ever made a request to Zach Moody or any other Chattanooga police officers for medical treatment. In the absence of a request by Smith for medical assistance, and in the absence of an obvious need for medical assistance, Smith cannot make out a viable claim against Moody.

### B.    Defendants City of Chattanooga and Cooper

It is not clear from the fourth cause of action whether Smith also seeks to plead this claim against the City of Chattanooga and Chief of Police Cooper in his individual capacity. Paragraph

24 of the complaint, which is the first sentence of the fourth cause of action, states: "Plaintiff hereby realleges paragraphs 1-23 of this complaint, as though fully set forth herein." It is possible that this language in paragraph 24 of the complaint could be construed to mean that Smith is pleading his fourth cause of action against the City of Chattanooga and Chief of Police Cooper in his individual capacity. For his fourth cause of action, Smith incorporates by reference paragraphs 15-23 of the complaint which plead the second cause of action against the City of Chattanooga and the third cause of action against Chief of Police Cooper.

To the extent Smith may be bringing his fourth cause of action against the City of Chattanooga and Chief of Police Cooper in his individual capacity, such claims must be dismissed with prejudice on summary judgment. Because Smith cannot show that any Chattanooga police officers, including Zach Moody, denied a request for medical assistance, Smith cannot possibly maintain his fourth cause of action against the City of Chattanooga and Chief of Police Cooper. The City cannot be held liable under 42 U.S.C. § 1983 unless Smith can show that the City had a policy or custom of denying medical assistance to persons who are under arrest and that the policy or custom caused a violation of Smith's constitutional rights. Smith has not presented any facts and proof showing that the City of Chattanooga had such a policy or custom in June 2007.

Moody transported Smith to the Hamilton County jail where Smith was taken into custody as a pretrial detainee by the Hamilton County Sheriff's Department. The City of Chattanooga is not responsible for the operation and management of the Hamilton County jail. If Smith was deprived of medical assistance while detained in the Hamilton County jail, the City of Chattanooga has no liability for that deprivation. Hamilton County Deputy Sheriff Bruce is not an officer or employee of the City of Chattanooga and the City cannot be held liable under 42 U.S.C. § 1983 for any

constitutional torts that may have been committed by Bruce.

C. **Defendant Nathan Bruce**

Hamilton County Deputy Sheriff Nathan Bruce is the officer who did the initial intake paperwork and booked Smith into the Hamilton County jail. The complaint alleges that when Smith arrived at the Hamilton County jail, he made a request to Nathan for medical assistance for his broken hand, i.e. fractured little finger. Smith contends that Bruce denied the request. When Smith complained, Nathan retaliated by locking Smith in a shower stall. It is further alleged that Smith was denied medical treatment while he was detained in jail for more than fourteen days.

Bruce submits his affidavit. [Doc. No. 24]. Bruce states that when Smith was delivered to the jail by Officer Moody, Smith was intoxicated, uncooperative, and combative. As part of the standard intake and booking process, Bruce asked Smith if he needed emergency medical attention. Smith replied that he did not need emergency medical assistance and Bruce recorded this on a form. Smith was defiant and refused to sign the form. Because Smith was angry and combative, Bruce assigned Smith to the shower area where he could be detained alone. At no time did Smith make a request to Bruce for medical assistance. Once Bruce's work shift as the intake/booking officer ended on June 22, 2007, Bruce's interaction with and responsibility for Smith terminated.

Bruce also submits copies of records from the jail clinic which show that Smith's complaint about a swollen right hand was documented by the clinic staff on June 22, 2007. In other words, Smith was examined by personnel in the jail medial clinic on the same day he arrived at the jail. Smith was scheduled for sick-call in the jail clinic on June 25, 2007, but Smith failed to show up for treatment. Smith continued to complain about his broken hand and on July 3, 2007, he was referred to Erlanger Medical Center for medical treatment.

26

In his deposition, Smith states that he received medical treatment at Erlanger Medical Center. A physician placed his fractured finger in a cast for about four to five weeks.

Smith has not filed a response to Bruce's affidavit and the other proof submitted by Bruce. Smith has not made an effort to rebut or dispute the accuracy of Bruce's statement of facts and proof. In the absence of a response from Smith, the Court deems Bruce's affidavit and records to be true and accurate.

The Eighth Amendment does not apply directly to Smith because he was a pretrial detainee. The Due Process Clause in the Fourteenth Amendment affords pretrial detainee Smith with a right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners to be free from cruel and unusual punishment. *Weaver v. Shadoan*, 340 F.3d 398, 410 (6th Cir. 2003); *Kelsay v. Hamilton County, Tennessee*, 2003 WL 23721334, ** 7-8 (E.D. Tenn. Dec. 9, 2003); *see also Leary*, 528 F.3d at 443. In the context of medical care for pretrial detainees, Smith is required to show that defendant Bruce acted with deliberate indifference to Smith's serious medical needs. *Weaver*, 340 F.3d at 410.

Deliberate indifference is something more that negligence. Deliberate indifference is equated with criminal recklessness. *Farmer v. Brennan*, 511 U.S. 825, 835-37 (1994); *Weaver*, 340 F.3d at 410. What Smith must show is that defendant Bruce knew about and disregarded a substantial risk of serious harm to Smith. The inquiry is subjective. The defendant must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw that inference. *Farmer*, 511 U.S. at 837 (1994); *Weaver*, 340 F.3d at 410.

There are no genuine issues of material fact in dispute and defendant Bruce is entitled to

have summary judgment entered in his favor. Based on the facts and circumstances, the Court concludes that Smith cannot meet his burden of showing that defendant Bruce acted with deliberate indifference to a serious medical need. When Smith went through the intake/booking process at the Hamilton County jail, Bruce inquired whether Smith required any emergency medical assistance and Smith replied that he did not.

Even if we assume *arguendo* that Bruce denied a request by Smith for medical assistance, Smith cannot show that the denial caused him to suffer injury. The records from the Hamilton County jail establish that Smith was examined in the jail medical clinic on the same day he arrived at the jail, June 22, 2007. Smith was scheduled for sick-call in the jail clinic on June 25, 2007, but he failed to show up for treatment. When Smith continued to complain about his broken hand, he was referred to Erlanger Medical Center for treatment on July 3, 2007. These facts do not make out a claim for deprivation of medical care under 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the Constitution.

## VII.    State Law Assault and Battery Claim

The Tennessee state tort claim for common law assault and battery arises out of and is predicated on the same allegations of fact and circumstances underlying the Fourth Amendment excessive force claim. The *pro se* complaint is confusing and difficult to decipher regarding the assault and battery claim. The last sentence in the introductory paragraph on page 1 of the complaint states: "The plaintiff also alleges the Tort of assault and battery." The complaint goes on to plead four distinct causes of action under 42 U.S.C. § 1983 based on the federal civil rights claims. There is nothing alleged in any of the four causes of action set forth in the complaint with regard to a tort claim for assault and battery. The complaint is vague and fails to specify the defendants against

whom this particular claim is being brought.

As the Court construes the complaint, the assault and battery claim is brought only against individual Chattanooga police officers Zach Moody, John Doe, Richard Roe who are alleged in the complaint's first cause of action to have used excessive force when arresting Smith. The Court has determined that the complaint against unknown police officers John Doe and Richard Roe must be dismissed. This leaves the assault and battery claim against only defendant Zach Moody.

The Court has supplemental jurisdiction over the assault and battery claim pursuant to 28 U.S.C. § 1367(a). 28 U.S.C. § 1367(c)(3) provides that a district court in its discretion may decline to exercise supplemental jurisdiction over a supplemental claim under 28 U.S.C. § 1367(a) if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3) is applicable here because this Court is dismissing all of Smith's 42 U.S.C. § 1983 federal civil rights claims over which the Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(3). In deciding whether to exercise supplemental jurisdiction, the Court considers the factors of judicial economy, convenience, fairness, and comity. *Musson Theatrical, Inc. v. Federal Express Corp*., 89 F.3d 1244, 1254 (6th Cir. 1996). When all federal claims are dismissed before trial, the balance of considerations usually weighs in favor of dismissing supplemental state law claims without prejudice under 28 U.S.C. § 1367(c)(3). *Musson Theatrical*, 89 F.3d at 1254-55; *accord Creusere v. Weaver*, 2009 WL 170667, * 10 (6th Cir. Jan. 26, 2009); *Novak v. MetroHealth Medical Center*, 503 F.3d 572, 583 (6th Cir. 2007); *Widgren v. Maple Grove Township*, 429 F.3d 575, 586 (6th Cir. 2005); *Poteet v. Polk County, Tennessee*, 2007 WL 1240489 (E.D. Tenn. April 26, 2007). After considering the factors of judicial economy, convenience, fairness, and comity, the Court pursuant to 28 U.S.C. § 1367(c)(3) declines to exercise supplemental jurisdiction over

Smith's assault and battery claim, and it will be dismissed without prejudice.

## VIII.  Conclusion

Accordingly, the defendants' motions for summary judgment [Doc. Nos. 22, 28] are **GRANTED IN PART** under Fed. R. Civ. P. 56 as follows.  All of plaintiff Smith's federal civil rights claims brought against the defendants under 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 1367(c)(3) the Court declines to exercise supplemental jurisdiction over the plaintiff's Tennessee state common law claim of assault and battery.  The state law assault and battery claim is **DISMISSED WITHOUT PREJUDICE**.

Each party shall bear their own costs of this action.  The Clerk of Court shall enter a separate judgment.

SO ORDERED.

ENTERED this the 4th day of November, 2009.


_____ */s/ R. Allan Edgar* _____
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE